UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

DEBRA SCHATZKI and BPP WEALTH, INC.,

      Plaintiffs,    10 Civ. 4685

 -against-         OPINION

WEISER CAPITAL MANAGEMENT, LLC,
WEISERMAZARS, LLP and HOITSZ (A/K/A
"CARIJN") MICHEL,

      Defendants.

------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/3/12

A P P E A R A N C E S :

  Attorneys for Plaintiffs

  LAWLER MAHON & ROONEY LLP
  36 West 44th Street, Suite 1400
  New York, NY  10036
  By: James J. Mahon, Esq.

  Attorneys for Defendants

  STARK & STARK
  993 Lenox Drive
  Lawrenceville, NJ  08648
  By: Scott I. Unger, Esq.

**Sweet, D.J.**

Plaintiffs Debra Schatzki ("Schatzki") and BPP Wealth, Inc. ("BPP") (collectively, the "Plaintiffs") have moved pursuant to Rule 15 of the Federal Rules of Civil Procedure for leave to file a third amended complaint ("TAC") to add a sixth cause of action for violations of §§ 1030(a)(2), 1030(a)(4), 1030(a)(5)(c) and 1030(6)(A) of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 (the "CFAA"), and a seventh cause of action for unjust enrichment against the defendants Weiser Capital Management, LLC ("WCM"), Weisermazars, LLP ("Weisermazars") and Hoitz (a/k/a Carijn) Michel ("Michel") (collectively, the "Defendants"). Based on the conclusions set forth below, leave to file a cause of action for violation of the CFAA is denied and leave to file a TAC containing a cause of action for unjust enrichment is granted without opposition.

**Prior Proceedings**

Prior proceedings and the facts in this action are described in the opinion of this court, dated January 19, 2012. See Schatzki v. Weiser Capital Mgmt., LLC, No. 10-4685, 2012 WL 169779 (S.D.N.Y. January 19, 2012).

1

The instant motion was heard and marked fully submitted on April 4, 2012.

**The Applicable Standard**

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, leave to amend a complaint shall be give "freely" when "justice so requires." Fed. R. Civ. P. 15(a)(2). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Williams v. Citigroup Inc., 659 F.3d 208, 213 (2d Cir. 2011) (quoting Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)).

However, "[a] district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007); see also AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A., 626 F.3d 699, 726 (2d Cir. 2010) ("Leave to amend may be denied on grounds of futility if the proposed amendment fails to state a legally cognizable claim or fails to raise triable issues of

2

fact."). In addition, an amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6). <u>Ricciuti v. N.Y.C. Transit Auth.</u>, 941 F.2d 119, 123 (2d Cir. 1991).

**The Allegations Of Damage or Loss Under The CFAA Are Inadequate**

In the TAC, the Plaintiffs allege that they incurred damages and losses, sufficient to state a claim under the CFAA, due to: (1) the Defendants' use of SmartOffice to obtain information without authorization and exceeding her authorized access and (2) the trafficking of computer passwords which were used to access the Plaintiffs' SmartOffice database. (TAC ¶ 102). The Plaintiffs contend that this access "enabled Defendants to obtain valuable private and confidential information about Plaintiffs' clients to further the intended conversion," and that securing "the return of the information" resulted in damages and losses in an amount in excess of $5000.00. (<u>Id.</u> ¶¶ 105, 106, 107).

The CFAA provides that "[w]hoever intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains information from any protected computer . . . shall be punished." 18 U.S.C. § 1030(a)(2)(C).

3

The CFAA also subjects to criminal liability anyone who "intentionally accesses a protected computer without authorization, and as a result of such conduct, causes damage." 18 U.S.C. § 1030(a)(5)(C).

While "the CFAA is primarily a criminal statute, § 1030(g) provides a civil cause of action in limited circumstances." Garland-Sash v. Lewis, No. 05-6827(WHP), 2012 WL 6188712, at *2 (S.D.N.Y. Dec. 6, 2011); see 18 U.S.C. § 1030(g). "The elements of a private cause of action under this statute are complex:

> a civil action under subsection 1030(g) of the CFAA requires: (1) establishing the elements of the particular substantive (criminal) offense under subsection 1030(a); (2) establishing that the plaintiff suffered "damage or loss" as a result of such a violation (although some, but not all, such offenses themselves already require "damage" and one now requires "damage and loss"); and (3) establishing one of the five types of conduct specified under subsection (c)(4)(A)(i), which are also required under subsection 1030(g) (some of which might also constitute "damage" or "loss")."

Nyack Hosp. v. Moran, No. 08-11112(SCR)(PED), 2010 WL 4118355, at *6 (S.D.N.Y. June 1, 2010) (internal citation omitted).

Thus, in order to bring a civil action, a plaintiff must show that she suffered "damage" or "loss" by a defendant's

4

wrongful conduct. 18 U.S.C. § 1030(g) ("[a]ny person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief."). Id. In addition, any damage or loss must meet the $5,000.00 minimum statutory threshold. 18 U.S.C. § 1030(c)(4)(A)(i)(I).

The CFAA narrowly defines "damage" as "any impairment to the integrity or availability of data, a program, a system, or information." 18 U.S.C. § 1030(e)(8). Further, the statute defines "loss" as "a reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service." 18 U.S.C. § 1030(e)(11).

While "physical damage to a computer is not necessary to allege damage or loss," Bose v. Interclick, Inc., 10-9183(DAB), 2011 WL 4343517, at *3 (S.D.N.Y. Aug. 17, 2011), damages and losses are limited to "computer-related constructs." Garland-Sash, 2011 WL 6188712, at *3. Courts have recognized

5

damages and losses to "computers, systems or data that could require economic remedy" as well as economic losses "bore in securing or remedying their systems" after an alleged CFAA violation. In re DoubleClick Inc. Privacy Litigation, 154 F. Supp. 2d 497, 524-25 (S.D.N.Y. 2001). More specifically, a "loss" may include the costs of seeking to "identify evidence of the breach, assess any damage it may have caused, and determine whether any remedial measures were needed to rescue the network." Univ. Sports Pub. Co v. Playmakers Media Co., 725 F. Supp. 2d 378, 383 (S.D.N.Y. 2010).

"Loss" is interpreted narrowly, however, and it "includes only costs actually related to computers." Garland-Sash, 2011 WL 6188712, at *4 (stating that "[n]othing in the CFAA suggests that the "loss" can be disassociated from the computer."). Courts in this district have rejected arguments that the statutory threshold for losses "includes the economic value of consumers' attention, that it includes the cost of business trips undertaken to respond to a computer hacking incident, or that it includes lost profits that are not attributable to an 'interruption of service.'" B.U.S.A. Corp. v. Ecogloves, Inc., No. 05-9988(JSR), 2009 WL 3076042, at *6 (S.D.N.Y. Sept. 28, 2009) (internal citations omitted). In In re DoubleClick Inc. Privacy Litigation, for example, the Court

6

stated that any allegations of injury involving "invasion of their privacy, [ ] trespass to their personal property, and [ ] misappropriation of confidential data, [are] not actionable because only economic losses are recoverable under 1030(g)." 154 F. Supp. 2d at 525.

Here, the Plaintiffs failed to quantify any damages or loss that the Defendants' caused to their "computers, systems or data that could require economic remedy." Id. at 521. The TAC alleges that the Defendants obtained information without authorization and that they trafficked in computer passwords to the SmartOffice database. (TAC ¶ 102). The TAC also generally states that "[t]his access enabled Defendants to obtain valuable private and confidential information about Plaintiffs' clients to further the intended conversion" and that the "Plaintiffs were required to hire consultants and to incur legal fees, all in an amount to be determined at trial" as a result of securing the return of the information. (Id. ¶¶ 105, 106).

The Plaintiff's CFAA claim might have been proper if, for example, it alleged that the Defendants' access to SmartOffice had damaged the data or the system itself, which caused the Plaintiffs to incur fees exceeding $5,000.00 to recover or restore it. The TAC does not allege, however, that

7

the SmartOffice data at issue was destroyed or impaired, nor does it make any specific allegation as to the cost of identifying, securing or remedying the alleged damage caused by the access. See Bose, 2011 WL 4343517, at *4 (denying amendment to add a CFAA claim where plaintiff merely alleged that the defendant "impaired the functioning and diminished the value of [plaintiff's] computer in a general fashion" and "fail[ed] to make any specific allegation as to the cost of repairing or investigating the alleged damage to her computer."); Fink v. Time Warner Cable, No 08-9628(LTS)(KNF), 2009 WL 2207920, at *4 (S.D.N.Y. July 23, 2009) (dismissing a CFAA claim because the plaintiff only alleged that the defendant caused damage by "impairing the integrity or availability of data and information," which was "insufficiently factual to frame plausibly the damages element of Plaintiff's CFAA claim.").

Accordingly, the Plaintiffs' claim is inadequate to meet the definition of damages and losses under the CFAA. Because the amendment to the pleading will be futile as the CFAA claim could not withstand a motion to dismiss, leave to file the proposed TAC with the CFAA claim is denied.

**The Unjust Enrichment Claim is Unopposed**

8

Under New York law, a claim of unjust enrichment "requires simply an allegation that (1) the defendant was enriched, (2) the enrichment was at the plaintiff's expense, and (3) the defendant's retention of the benefit would be unjust." M'Baye v. World Boxing Ass'n., No. 05-9581(DC), 2006 WL 2090081, at *5 (S.D.N.Y. July 28, 2006). "The notion of unjust enrichment applies where there is no contract between the parties." Maryland Cas. Co. v. W.R. Grace & Co., 218 F.3d 204, 212 (2d Cir. 2000). Thus, generally, quasi-contractual relief, such as unjust enrichment, is not permitted when an express agreement exists that governs the dispute between the parties. See Clark-Fitzpatrick, Inc. v. Long Island R.R. Co., 70 N.Y.2d 382, 388, 521 N.Y.S.2d 653, 516 N.E.2d 190 (1987) (citations omitted).

Here, the proposed TAC adequately pleads a claim for unjust enrichment by identifying an underlying benefit that was conferred upon the Defendants at the Plaintiffs' detriment. (TAC ¶¶ 110, 111, 112). In addition, even though the Plaintiffs bring breach of contract claims against the Defendants, the Plaintiffs' unjust enrichment claim survives as an alternative to the alleged breach of contract claims. See Singer v. Xipto Inc., -- F. Supp. 2d ---, 2012 WL 1071274, at *8 (S.D.N.Y. Mar.

9

20, 2012) (stating that "[w]hile a party generally may not simultaneously recover upon a breach of contract and unjust enrichment claim arising from the same facts, it is still permissible to plead such claims as alternative theories."); Wilk v. VIP Health Care Servs., Inc., No. 10-5530(ILG)(JMA), 2012 WL 560738, at *5 (E.D.N.Y. Feb. 21, 2012) (noting that "while it is true that a claim for quantum meruit or unjust enrichment is precluded when a valid contract governing the same subject matter exists between the parties, a quantum meruit claim may be alleged alongside a breach of contract claim.").

In addition, no opposition to the proposed additional cause of action for unjust enrichment having been filed by the Defendants. Accordingly, the motion for leave to amend as to the unjust enrichment claim is granted.

**Conclusion**

Based upon the conclusions set forth above, the Plaintiffs' motion for leave to amend is denied as to the CFAA claim as the allegations of the violation are inadequate, and leave is granted to serve and file a TAC containing a cause of action for unjust enrichment.

It is so ordered.

New York, NY
June 30, 2012

                                        _____
                                        ROBERT W. SWEET
                                            U.S.D.J.