UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------X

DEBRA SCHATZKI and BPP WEALTH, INC.,

                    Plaintiffs,           10 Civ. 4685

   -against-                                OPINION

WEISER CAPITAL MANAGEMENT, LLC,
WEISERMAZARS, LLP and HOITSZ (A/K/A
"CARIJN") MICHEL,

                    Defendants.

-----------------------------------------X

A P P E A R A N C E S:

       Attorneys for Plaintiff

       LAWLER MAHON & ROONEY LLP
       36 West 44th Street, Suite 1400
       New York, NY 10036
       By:  Albert K. Lawler, Esq.
            Christopher S. Rooney, Esq.
            James J. Mahon, Esq.

       Attorneys for Defendants

       STARK & STARK, P.C.
       993 Lenox Drive
       Lawrenceville, NJ 08543
       By:  Scott I. Unger, Esq.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-26-13

**Sweet, D.J.**

Plaintiffs Debra Schatzki ("Schatzki") and BPP Wealth,
Inc. ("BPP") (collectively, the "Plaintiffs") have moved
pursuant to the inherent power of this Court and Rule 3.7(b)(1)
of the New York Rules of Professional Conduct, to disqualify the
law firm of Stark & Stark, P.C. from acting as trial counsel for
the Defendants in this action upon the ground that Thomas
Giachetti ("Giachetti"), a shareholder in the said firm whom
both Plaintiffs and Defendants have named as a witness in the
Joint Pre-Trial Order, will be compelled to give testimony that
is prejudicial to the Defendants at the trial, and precluding
Giachetti from giving any testimony about Securities and
Exchange Commission Regulation S-P (17 C.F.R. Part 248) and/or
its application to this case.

The defendants Weiser Capital Management, LLC ("WCM"),
Weisermazars LLP ("W") and Hoitsz Michel ("Michel")
(collectively, the "Defendants") have moved for sanctions
against the Plaintiffs under Rule 11 of the Fed. R. Civ. P.

As set forth below, the motion to disqualify Stark &
Stark is denied, and any testimony by Giachetti, if any, will be

1

limited to facts within his knowledge. The Defendants' motion for sanctions is denied.

**Prior Proceedings**

This hard-fought litigation was initiated by the Plaintiffs on June 16, 2010 in which the Defendants, after terminating their agreements, misappropriated property belonging to the Plaintiffs. Discovery has been completed, a pretrial order filed and except for pretrial motions, and the action is trial ready.

On March 26, 2012, Giachetti's deposition was taken. He testified with respect to the events giving rise to this action.

On September 19, 2012, Plaintiffs filed a "Motion to Strike Defendants' Answer" pursuant to the inherent powers of the Court. The motion was denied by memo and order of January 14, 2013. Pursuant to the Revised Stipulation and Scheduling Order, discovery was to end on April 1, 2013 and the parties were to submit to the Court trial briefs, a joint proposed trial order, and if applicable motions in limine, jury charges, voir dire requests or a special verdict form by June 7, 2013, or on

2

such other date as directed by the Court. Subsequent to the
entry of the Final Pretrial Order, the parties agreed to try to
mediate and agreed to a mediation date of Friday, July 26, 2013.
Two days prior to the mediation, Plaintiffs filed the instant
application.

**Disqualification is Denied**

Rule 3.7(b) of the New York Rules of Professional
Conduct governs. The rule states that:

> (b)  A lawyer may not act as advocate before a
> tribunal in a matter if:
>
> (1) another lawyer in the lawyer's firm is
> likely to be called as a witness on a significant
> issue other than on behalf of the client, and it is
> apparent that the testimony may be prejudicial to the
> client; or
>
> (2) the lawyer is precluded from doing so by
> Rule 1.7 or Rule 1.9

Rule 1.7 governs conflicts of interest for current
clients. Plaintiffs contend Giachetti's testimony as a witness
will violate subsection (b)(1). However, for the rule to apply
here, it must be "apparent that the [contested] testimony may be
prejudicial to the client." The testimony offered by Giachetti
is not prejudicial to Defendants.

3

In <u>Murray v. Metro. Life Ins. Co.</u>, 583 F.3d 173 (2d
Cir. 2009), the circuit court noted that "[r]ule 3.7 lends
itself to opportunistic abuse." <u>Id.</u> at 178.

> "Because courts must guard against the tactical use of
> motions to disqualify counsel, they are subject to
> fairly strict scrutiny . . . ." The movant, therefore,
> "bears the burden of demonstrating specifically how
> and as to what issues in the case the prejudice may
> occur and that the likelihood of prejudice occurring
> is . . . substantial." "Prejudice" in this context
> means testimony that is "sufficiently adverse to the
> factual assertions or account of events offered on
> behalf of the client, such that the bar or the client
> might have an interest in the lawyer's independence in
> discrediting that testimony."

<u>Id.</u> (quoting <u>Lamborn v. Dittmer</u>, 873 F.2d 522, 531 (2d Cir.
1989)) (internal citations omitted). Because of the high
threshold, "a law firm can be disqualified by imputation only if
the movant proves by clear and convincing evidence that [A] the
witness will provide testimony prejudicial to the client, and
[B] the integrity of the judicial system will suffer as a
result." <u>Id.</u> at 178-79.

This action is over three years old. Over fifteen
depositions were taken. Plaintiffs have not demonstrated by
"clear and convincing evidence" that the integrity of the

judicial system will suffer by allowing Stark & Stark to serve as trial counsel.

## The Testimony of Giachetti Will Be Limited

Giachetti may not testify at trial regarding any advice he may have given to Defendants at or after the time of Schatzki's termination since Plaintiffs were prevented from exploring that issue at Giachetti's deposition by the assertion of the attorney-client privilege. The Defendants have not opposed this limitation.

Giachetti's testimony with respect to this case will be barred. Giachetti has not been proffered as an expert, and his testimony, if any, will be limited to matters of fact.

## The Motion To Impose Sanctions Is Denied

The grounds for a violation of Rule 11(b) not having been established, the motion for sanctions is denied.

## Conclusion

5

The Plaintiff's motion to disqualify Defendants' counsel is denied, the motion to limit any testimony of Giachetti is granted as set forth above and the Defendants' motion to impose sanctions on the Plaintiff is denied.

It is so ordered.

New York, NY
November 25, 2013

_____
ROBERT W. SWEET