UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

DEBRA SCHATZKI and BPP WEALTH, INC.,

                   Plaintiffs,         10 Civ. 4685

  -against-                              OPINION

WEISER CAPITAL MANAGEMENT, LLC,
WEISERMAZARS, LLP and HOITSZ (A/K/A
"CARIJN") MICHEL,

                   Defendants.

------------------------------------------X

A P P E A R A N C E S:

    Attorneys for Plaintiff

    LAWLER MAHON & ROONEY LLP
    36 West 44th Street, Suite 1400
    New York, NY 10036
    By:  Albert K. Lawler, Esq.
         Christopher S. Rooney, Esq.
         James J. Mahon, Esq.

    Attorneys for Defendants

    STARK & STARK, P.C.
    993 Lenox Drive
    Lawrenceville, NJ 08543
    By:  Scott I. Unger, Esq.

USDNY DOCUMENT ELECTRONICALLY FILED DOC #: _____ DATE FILED: 12/4/13

**Sweet, D.J.**

The Plaintiffs have made a motion in limine and the Defendants have made six similar motions with respect to evidence to be presented at the trial of this action. The disposition of these motions follows.

**The Plaintiffs' Motion With Respect To The Testimony Of Reich And Love Is Granted In Part And Denied In Part**

Hans-Linard Reich ("Reich") is an expert proffered by the Defendants to testify about whether Defendants had a justification for preventing the disclosure of confidential data to Schatzki following her termination. This proposed testimony relates to the effects of Regulation S-P. Reich may testify with respect to facts relating to the Regulation but not as to any opinion concerning its application because "[i]t is not for witnesses to instruct the jury as to applicable principles of law, but for the judge." Highland Cap. Mgmt., L.P. v. Schneider, 379 F. Supp. 2d 461, 470 (S.D.N.Y. 2005) (quoting Marx & Co., Inc. v. Diners' Club Inc., 550 F.2d 505, 509-10 (2d Cir.), cert. denied, 434 U.S. 861, 98 S. Ct. 188, 54 L. Ed. 2d 134 (1977)). "[I]t is axiomatic that an expert is not admitted to provide legal opinions, legal conclusions, or interpret legal terms;

1

those roles fall solely within the province of the court." Id. at 470. Under Fed. R. Evid. 704, "an expert may opine on an issue of fact within the jury's province, [but] he may not give testimony stating ultimate legal conclusions based on those facts." U.S. v. Bilzerian, 926 F.2d 1285, 1294 (2d Cir. 1991).

In Marx & Co. v. Diners' Club, 550 F.2d 505, the Second Circuit was presented with an appeal from a jury verdict in favor of the plaintiffs on a breach of contract claim arising from the defendant's alleged failure to use its best efforts to make a registration statement for shares that it sold to the plaintiff effective, where the verdict was based in part on rebuttal testimony from an expert in securities regulation. The Second Circuit held that the trial judge had properly permitted the expert to testify with regard to the practices and procedures ordinarily followed by attorneys and corporations in the course of filing a registration statement and following up with the SEC to ensure that it becomes effective. Marx & Co. v. Diners Club, 550 F.2d at 509.

However, the Circuit Court held that the trial court erred when it allowed the expert to go beyond the customary practices of the securities industry and give his opinion as to the legal standards that he believed to arise from the parties'

2

contract and which he believed should have governed the defendant's conduct. Id. In the Court's words:

> Recognizing that an expert may testify to an ultimate fact, and to the practices and usage of a trade, we think care must be taken lest, in the field of securities law, he be allowed to usurp the function of the judge. In our view, the practice of using experts in securities cases must not be permitted to expand to such a point, and hence we must . . . conclude that the leeway allowed to [the expert] was highly prejudicial to the appellant.

Id. at 512.

Reich's opinion as to the meaning and proper interpretation of the legal obligations imposed by Regulation S-P, as they apply to the facts of this case are precluded.

Victor J. Love ("Love") is proffered with respect to damages. He may testify as to matters contained in his reports but not as to matters which are not contained in his reports.

**Defendants' Motion To Bar Testimony Of Schatzki And Edelman With Respect To BPP Wealth Inc. Is Denied**

Defendants seek to bar the testimony of Debra Schatzki ("Schatzki") and Brian Edelman ("Edelman") on the value of BPP. Relevance is the principal objection to the testimony of its

3

owners with respect to the value of BPP Wealth, Inc. ("BPP"), an entity formed by Schatzki prior to her relationship with the Defendants. According to the Plaintiff, BPP licensed certain marks and processes to the Defendants. The history, background and value of BPP are relevant to Plaintiffs' damage contentions.

**Defendants' Motion To Bar The Report Of Childs Is Denied**

Richard Childs ("Childs") has been proffered as an expert by Plaintiffs with respect to damages. Defendants have moved to bar his testimony under Daubert v. Merrill Dow Pharm., Inc., 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993), on the grounds that his testimony is based on gross receipts, an unreliable accounting method, his testimony is disconnected from the facts of the case and Childs failed to consider the relevant time periods. The Defendants' contentions go to the weight and adequacy of the testimony. However, it has not been established that Childs is unqualified as a C.P.A. to testify. The motion to bar his testimony is denied.

**The Defendants' Motion To Inquire Into
The Indictment Of Childs Is Denied**

Defendants seek leave under Fed. R. Evid. 608(b) to cross-examine Childs concerning an indictment in 1990 involving

4

an alleged fraud in connection with a furniture store, Supreme Newark, Inc. According to Childs, the indictment was dismissed, expunged and sealed. Childs omitted his employment at Supreme Newark, Inc. from his resume.

The indictment occurred more than twenty years ago and did not result in a conviction. Childs testified in his deposition that he omitted the employment thirty-two-years ago as not relevant to the work he currently performs.

Defendants may cross-examine Childs with respect to the omission of his employment at Supreme Newark, Inc. and that charges were brought against him in connection with that employment. The nature of the dismissed and expunged charges is unfairly prejudicial and will be barred from the cross-examination.

**Defendants' Motion To Exclude Plaintiff's Exhibit 147 Is Denied**

Defendants have moved to exclude Plaintiffs' Exhibit 147 as hearsay. It is a one-page email from Defendant Hortsz (a/k/a Carijn) Michel ("Michel") to Schatzki to which is attached a summary of expenses attributed to Jordan Berlin ("Berlin"), former CEO of WCM. Michel testified she prepared the

5

summary by listing the expenses in WCM accounting records for 2008. <u>Beech Cinema, Inc. v. Twentieth Century-Fox Film Corporation</u>, 622 F.2d 1106 (2d Cir. 1980), held that "summaries based on business records are admissible on the issue of damages." <u>Id.</u> at 1110.

In addition, Fed. R. Evid. 1004(c) provides that an original writing is not required and other evidence of its content is admissible if the party against whom the original would be offered (i) has control of the original, (ii) is put on notice that the content of the original would be the subject of proof at trial, and (iii) fails to produce the original at trial.

Plaintiffs have put Defendants on notice that at the trial of this action, they intend to offer Plaintiffs' Exhibit 147, which is a summary prepared by one of the Defendants of information that is contained in the accounting records maintained by another Defendant in the ordinary course of its business, and as such is admissible as both a business record and an admission of a party-opponent for the reasons that are discussed above. If the Defendants wish to dispute the content and accuracy of Plaintiffs' Exhibit 147, they can provide the original records of the amounts paid to or attributable to

6

Jordan Berlin in 2008 at the trial. See Fed. R. Evid. 1004(c); A.F.L. Kalck, S.p.A. v. E.A. Karay Co., 722 F. Supp. 12, 16 (S.D.N.Y. 1989); cf. Beech Cinema, Inc., 622 F.2d at 1110 ("[W]here that writing was last in the control of the opposing party, if the proponent of the writing can show that the opponent had control over the document, that he demanded the document from the opponent and that the opponent has failed to produce the document, secondary evidence may be used to illustrate the existence of the document.").

Defendants' motion to exclude Plaintiffs' Exhibit 147 is denied.

**Defendants' Motion To Exclude The Testimony Of Donnelly Is Granted In Part And Denied In Part**

Defendants have moved to exclude the testimony of Ed Donnelly, CPA ("Donnelly"), Plaintiffs' expert on damages, on the grounds that his opinion that WCM and the Plaintiffs were engaged in a quasi-partnership or joint venture is a legal conclusion; his opinion on the loss represented in the reconstruction of the SmartOffice database is based on opinions of Edelman, an interested layperson; and his opinion of the cost to re-hire and re-train WCM workforce is flawed in that, as a

7

matter of law, an employee cannot sue for training given to the workforce based on unjust enrichment.

Testimony by Donnelly characterizing the relationship of the Plaintiffs and Defendants as a joint venture or quasi-partnership will be excluded as inappropriate legal opinion.

Donnelly's valuation of the SmartOffice database using facts provided by Edelman will be permitted.

Given that no basis has been established for an unjust enrichment claim against WCM resulting from Schatzki's training of its employees, testimony by Donnelly on that subject will be barred.

Defendants' motion with respect to Donnelly's testimony is granted in part and denied in part as set forth above.

**Conclusion**

The in limine motions of the parties are granted in part and denied in part as set forth above. The action will be tried on January 15, 2014. Any additional pretrial matters will be addressed at a pretrial conference at noon on January 13, 2014.

It is so ordered.

**New York, NY**
**December 3, 2013**

_____
ROBERT W. SWEET