UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

DEBRA SCHATZKI and BPP WEALTH, INC.,

                    Plaintiffs,        10 Civ. 4685

  -against-                                    OPINION

WEISER CAPITAL MANAGEMENT, LLC,
WEISERMAZARS, LLP and HOITSZ (A/K/A
"CARIJN") MICHEL,

                    Defendants.

------------------------------------------X

A P P E A R A N C E S:



    Attorneys for Plaintiff

    LAWLER MAHON & ROONEY LLP
    36 West 44th Street, Suite 1400
    New York, NY 10036
    By:  Albert K. Lawler, Esq.
         Christopher S. Rooney, Esq.
         James J. Mahon, Esq.

    Attorneys for Defendants

    STARK & STARK, P.C.
    993 Lenox Drive
    Lawrenceville, NJ 08543
    By:  Scott I. Unger, Esq.
         Johnathan A. Scobie, Esq.

**Sweet, D.J.**

Defendants Weiser Capital Management, LLC ("WCM"), WeiserMazars, LLP ("Weiser") and Hoitsz Michel ("Carijn" or "Michel") (collectively, the "Defendants") have made a motion in limine to inquire into certain professional sanctions against Plaintiffs' Debra Schatzki ("Schatzki") and BPP Wealth, Inc. ("BPP") (collectively, the "Plaintiffs") expert Ed Donnelly, C.P.A., ("Donnelly") on his cross-examination pursuant to Federal Rules of Evidence 608(b). Based on the reasoning below, Defendants' motion is denied.

## I. Prior Proceedings

This action was initiated by the Plaintiffs on June 16, 2010 arising out of the termination of the relationship between the parties and a dispute over the use of the internet-based management program, SmartOffice.

A motion to dismiss the First Amended Complaint was denied on January 26, 2011. A Second Amended Complaint was filed on August 4, 2011. A motion by the Defendants for partial summary judgment and a cross-motion by Plaintiffs were determined by opinion on January 19, 2012 (the "January 2012

2

Opinion"). A motion to amend by the Plaintiffs was granted in part and denied in part by opinion on June 30, 2012 (the "June 2012 Opinion"). A Third Amended Complaint ("TAC") was filed on July 23, 2012.

The magistrate on May 8, 2013 considered discovery complete except for one short deposition. A motion by Plaintiffs to disqualify Defendants' counsel and Defendants' cross motion for sanctions were denied and Plaintiffs' motion to limit the testimony of Thomas Giachetti was granted by opinion on November 26, 2013. Defendants' motion for summary judgment and Plaintiffs' cross-motion for summary judgment were resolved by opinion on November 26, 2013 (the "November 2013 Summary Judgment Opinion"). Several motions in limine were also resolved via opinion on December 4, 2013 (the "December 2013 Opinion"). The instant motion was marked fully submitted on October 16, 2013.

## II. Defendants' Motion to Inquire Into Prior Professional Sanctions Against Donnelly Is Denied

Defendants seek to inquire into prior professional conduct and sanctions of Plaintiffs' expert Donnelly in his cross-examination. Donnelly, a certified public accountant, has

3

been identified by Plaintiffs as a valuation expert for their claim of conversion. On March 1, 2013, Donnelly testified in his deposition that he was sanctioned in the past by the Office of Professional Discipline of the New York State Department of Education ("OPD") as well as the American Institute of Certified Public Accountants ("AICPA"). In December 1996, after a hearing by the OPD and AICPA, Donnelly pled guilty to the charge of criminal misdemeanor for supplementing the salary of a government official without receiving the permission of that government agency under 18 U.S.C. § 209. (Pl. Op., at 1.) Donnelly received sanctions from the OPD and AICPA and was fined by the OPD and suspended. The suspension was stayed at the time. (Donnelly Deposition at 15:18-16:18 [hereinafter Donnelly Dep.]; Pl. Op., at 2.)

Donnelly explained the background to his sanctions in his deposition: In or around 1996, Donnelly gave an Internal Revenue Service ("IRS") employee, a "close personal friend[]," $1,000 when the IRS employee "repeatedly asked [Donnelly] for financial help." (Donnelly Dep. at 13:18-14:15.) In exchange for the $1,000, the IRS employee worked for Donnelly on an unidentified project. (Id.)

a. **The Applicable Standard**

4

Under Fed. R. Ev. 608(b), "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness" but a Court may, on cross examination, allow specific instances of a witness's conduct "to be inquired into if they are probative of the character for truthfulness or untruthfulness of . . . (1) the witness." Fed. R. Ev. 608(b). Whether an act speaks to a witness's truthfulness depends on the specific transgression. "[A]cts such as perjury reflect on the witness' truthfulness, acts such as communication of threats or the witness' failure to pay debts do not." Davidson Pipe Co. v. Laventhol and Horwath, 120 F.R.D. 455, 462 (S.D.N.Y. 1988).

### b. Donnelly's Past Criminal Misdemeanor and Sanctions Are Not Sufficiently Probative of His Character for Truthfulness

Defendants seek to cross-examine Donnelly regarding criminal misdemeanor and corresponding sanctions that occurred 17 years ago. However, omission of the issues is the more prudent course. The criminal charge was a misdemeanor and not a more serious crime. The charge was not the result of bribing a government official pursuant to 18 U.S.C. § 201, but from supplementing a government official's salary in violation of 18

5

U.S.C. § 209. There is no evidence that the work the IRS employee provided to Donnelly for the $1,000 implicates Donnelly's character for truthfulness or that Donnelly provided the money to the IRS employee for an improper or illegal purpose. The criminal conviction and sanctions also occurred 17 years ago, and the probative value of this misdemeanor is weakened by its age. See, e.g., Pepe v. Jayne, 761 F. Supp. 338, 343 (D.N.J. 1991) (finding that "the probative value of an eleven year old misdemeanor conviction for filing false tax returns was slight" under Fed. R. Ev. 609).

With regards to Donnelly's professional sanctions, the sanctions were imposed due to the criminal misdemeanor, and Donnelly received only a fine and had his CPA license suspended. Donnelly's suspension was simultaneously stayed at the same time it was imposed. That Donnelly did not receive a more serious punishment from the sanctions suggests that the sanctions and his actions leading up to the sanctions were not egregious, and they are not sufficiently serious to warrant Rule 608(b) inquiry. In addition, nothing indicates that the sanctions themselves were imposed as a result of Donnelly's professional competency or ability.

As noted in the reasoning above, Donnelly's previous criminal misdemeanor conviction and professional sanctions as a result of the conviction is not sufficiently probative of Donnelly's character for truthfulness or untruthfulness to warrant the issues to be raised in cross-examination under Fed. R. Ev. 608. Furthermore, the nature of the conviction and sanctions are unfairly prejudicial and outweigh its probative value. Given such, Defendants are barred from inquiring into Donnelly's professional sanctions and related misdemeanor in Donnelly's cross-examination.

### III. Conclusion

Given the reasoning above, Defendants' motion is denied.

It is so ordered.

New York, NY
~~January      , 2014~~
December 31, 2013

_____
ROBERT W. SWEET