UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

DEBRA SCHATZKI and BPP WEALTH, INC.,

                        Plaintiffs,          10 Civ. 4685

   -against-                                  OPINION

WEISER CAPITAL MANAGEMENT, LLC,
WEISERMAZARS, LLP and HOITSZ (A/K/A
"CARIJN") MICHEL,

                        Defendants.

------------------------------------------X

A P P E A R A N C E S:

       <u>Attorneys for Plaintiff</u>

       LAWLER MAHON & ROONEY LLP
       36 West 44th Street, Suite 1400
       New York, NY 10036
       By:  Albert K. Lawler, Esq.
            Christopher S. Rooney, Esq.
            James J. Mahon, Esq.

       <u>Attorneys for Defendants</u>

       STARK & STARK, P.C.
       993 Lenox Drive
       Lawrenceville, NJ 08543
       By:  Scott I. Unger, Esq.
            Johnathan A. Scobie, Esq.

Case 1:10-cv-04685-RWS   Document 247   Filed 01/29/14   Page 2 of 9

**Sweet, D.J.**

Plaintiffs' Debra Schatzki ("Schatzki") and BPP Wealth, Inc. ("BPP") (collectively, the "Plaintiffs") have brought several claims against Defendants Weiser Capital Management, LLC ("WCM"), WeiserMazars, LLP ("WeiserMazars") and Hoitsz "Carijn" Michel ("Michel") (collectively, the "Defendants"). The claims include Count I (trademark infringement against WCM), Count II (conversion against all Defendants), Count III (breach of contract against WCM), Count IV (breach of contract against WCM), Count V (civil conspiracy against all Defendants) and Count VI (unjust enrichment against WCM and WeiserMazars). Counts II and V were tried to a jury and Counts I and VI were tried to the court from January 15, 2014 to January 24, 2014.

Plaintiffs' claims stem from the events that occurred around the time of Shatzki's termination from WCM on May 3, 2010. Based on the evidence and arguments set out in trial, judgment will be entered for Plaintiffs on Count I (trademark infringement) against WCM and for WCM and WeiserMazars on Count VI (unjust enrichment).

2

**Judgment Is Entered For WCM and
WeiserMazars On Unjust Enrichment**

Plaintiffs' unjust enrichment claim stems from Defendants' unapproved copying of the data on the SmartOffice database and transfer of that data onto another database known as ACT!. Plaintiffs were locked out of the SmartOffice database following Schatzki's termination from WCM on May 3, 2010. Defendants were subsequently locked out of the database as well several weeks after the termination due to a dispute over ownership of the database. In early June 2010, Michel began corresponding with Dave Worral ("Worral"), an information technology consultant, about transferring the SmartOffice data to ACT!, an alternative database. On June 17, 2010, Michel emailed Worral with an attachment named "SmartOffice I.csv" containing, inter alia, the contact, family and personally identifiable information for every client and prospect in the SmartOffice database, including data for Schatzki clients.

In July 2010, Michel and Brian Edelman ("Edelman"), a shareholder of BPP, met and segregated the database according to the agreement. Despite this partition, and unbeknownst to Plaintiffs and Defendants, Defendant WCM retained a copy of the Schatzki data including the contact, family and personally

3

identifiable information for the contacts. WCM's retention of this information was eventually discovered by Plaintiffs in the course of this litigation.

To establish a defendant's liability for unjust enrichment, the plaintiff must prove, by a preponderance of the evidence, that "(1) defendant was enriched, (2) at plaintiff's expense, and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover." Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc., 373 F.3d 296, 306 (2d Cir. 2004); Kaye v. Grossman, 202 F.3d 611, 616 (2d Cir. 2000). A plaintiff's allegation that a defendant received benefits, standing alone, is insufficient to establish a cause of action to recover damages for unjust enrichment. Old Republic Natl. Title Ins. Co. v. Cardinal Abstract Corp., 14 A.D.3d 678, 680, 790 N.Y.S.2d 143 (2d Dep't 2005). The plaintiff has the burden to demonstrate not only that a benefit was conferred upon the defendants, but also that the defendants should have to compensate the plaintiff for the benefit conferred. Clark v. Daby, 300 A.D.2d 732, 732, 751 N.Y.S.2d 622 (3d Dep't 2002).

The evidence has not established any benefit to WCM or WeiserMazars from retaining a copy of the client data that belonged to Plaintiffs.

Schatzki was an employee of WCM from September 2007 to May 3, 2010. During this time, Schatzki oversaw operations at WCM and instructed those WCM employees to use SmartOffice and her processes. All of the WCM employees that were under Schatzki's management from 2007 to 2010 remained with WCM after Schatzki's termination. Any adoption of Schatzki's processes that benefitted WCM or WeiserMazars thus does not flow solely from Defendants' transfer of the Schatzki client data from SmartOffice to its own database. The evidence does not establish that either WCM or WeiserMazars are currently using any processes developed by Schatzki. As such, Defendants WCM and WeiserMazars were not unjustly enriched in this manner.

Given that the Plaintiffs have not established WCM or WeiserMazars benefitted from the retention of the Schatzki client data, equity and good conscience does not necessitate the recovery of the alleged benefits. WCM and WeiserMazars were not unjustly enriched by their actions.

The measure of damages for an unjust enrichment claim "is restricted to the reasonable value of the benefit conferred upon the defendants," and is "measured by a defendant's unjust gain, rather than by a plaintiffs loss." Pure Power Boot Camp, Inc. v. Warrior Fitness Boot Camp, LLC, 813 F. Supp. 2d 489, 534 (S.D.N.Y. 2011). The evidence does not establish any such gain by WCM or WeiserMazars.

Based upon the evidence and the conclusions of law set forth above, judgment will be entered for WCM and WeiserMazars on the unjust enrichment claim.

**Judgment Is Entered For Plaintiffs Against WCM**
**On The Trademark Infringement Claim**

BPP is the owner of the trade and service mark "Building, Protecting and Preserving Wealth for Generations". This tagline is the registered service mark of the corporation. (U.S. Registration No. 3,113,825.) BPP also holds other registered trademarks and service marks, including "Financial Services In a Box".

The evidence establishes that WCM incorporated BPP's service marks into its website and promotional materials during

Schatzki's tenure at WCM and continued to incorporate BPP's service marks into its website and promotional materials for six weeks after Schatzki's termination.

To establish a case for trademark infringement, a plaintiff must show "(1) it has a valid mark that is entitled to protection under the Lanham Act; and that (2) the defendant used the mark, (3) in commerce, (4) 'in connection with the sale . . . or advertising of goods or services' . . . , (5) without the plaintiffs consent." <u>1-800 Contacts. Inc. v. WhenU.Com. Inc.</u>, 414 F.3d 400, 407 (2d Cir. 2005). Given the totality of the evidence, WCM did infringe on Plaintiffs' service marks.

Given the difficulty in ascertaining the damage caused to Plaintiffs by WCM's infringement, Plaintiffs have elected for statutory damages. 15 U.S.C. § 1117(c) provides the monetary limit for statutory damages:

> (1) not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just; or

> (2) if the court finds that the use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type of goods or services sold,

offered for sale, or distributed, as the court considers just.

In this instance, given the totality of circumstances surrounding the use of the service marks by Defendants, including the circumstances of Schatzki's termination by WCM and role at WCM prior to her termination and that the service marks were ultimately removed from the website and promotional materials, judgment will be entered on behalf of Plaintiffs against WCM for their trademark infringement claim for an amount of $15,000.

**Conclusion**

Based upon the evidence and conclusions of law set forth above, judgment will be entered for WCM and WeiserMazars on Count VI (unjust enrichment) and Plaintiffs on Count I (trademark infringement) against WCM in the amount of $15,000. Settle judgment on notice.

It is so ordered.

**New York, NY**
**January 29, 2014**

_____
ROBERT W. SWEET
U.S.D.J.