UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

DEBRA SCHATZKI and BPP WEALTH, INC.,

                  Plaintiffs,          10 Civ. 4685

  -against-                       OPINION

WEISER CAPITAL MANAGEMENT, LLC,
WEISERMAZARS, LLP and HOITSZ (A/K/A
"CARIJN") MICHEL,

                  Defendants.

------------------------------------------X



A P P E A R A N C E S:

    Attorneys for Plaintiff

    LAWLER MAHON & ROONEY LLP
    36 West 44th Street, Suite 1400
    New York, NY 10036
    By:  Albert K. Lawler, Esq.
         Christopher S. Rooney, Esq.
         James J. Mahon, Esq.

    Attorneys for Defendants

    STARK & STARK, P.C.
    993 Lenox Drive
    Lawrenceville, NJ 08543
    By:  Scott I. Unger, Esq.
         Johnathan A. Scobie, Esq.

1

**Sweet, D.J.**

On January 31, 2014, Plaintiffs' Debra Schatzki ("Schatzki") and BPP Wealth, Inc. ("BPP") (collectively, the "Plaintiffs") submitted a notice of settlement of judgment and a proposed judgment (the "Proposed Judgment"). Defendants Weiser Capital Management, LLC ("WCM"), WeiserMazars, LLP ("WeiserMazars") and Hoitsz "Carijn" Michel ("Michel") (collectively, the "Defendants") objected to the Proposed Judgment via letter on February 4, 2014. Several subsequent letters were submitted by both parties in response. Given the reasoning below, (i) judgment will be entered for Plaintiffs against WCM and Michel for prejudgment interest on Count II (conversion), (ii) Plaintiffs are not entitled to prejudgment interest on Count I (trademark infringement), and (iii) Plaintiffs will be granted costs.

**Prior Proceedings**

From January 15, 2014 to January 24, 2014, Count II (conversion against all Defendants) and Count V (civil conspiracy against all Defendants) of the instant action were tried to a jury, and Count I (trademark infringement against

2

WCM) Count VI (unjust enrichment against WCM and WeiserMazars) were tried to the court. The jury reached its verdict on Counts II and V on January 24, 2014, finding for the Plaintiffs on Count II (conversion) but against Plaintiffs on Count V (civil conspiracy). The jury awarded damages in the amount of $300,000 for Count II. Judgment was granted for Plaintiffs against WCM on Count I (trademark infringement) in the amount of $15,000 and for WCM and WeiserMazars dismissing Count VI (unjust enrichment) on January 29, 2014 (the "Opinion").

Defendants' have objected to (i) the award of prejudgment interest on Count II (conversion); (ii) the award of prejudgment interest on Count I (trademark infringement); and (iii) the award of costs in favor of Plaintiffs and against Michel and WCM in the Proposed Judgment. The Proposed Judgment calls for prejudgment interest at 9% per annum from May 3, 2010 to the date of the judgment for Plaintiffs' conversion claim for a total amount of $101,520. It also calls for prejudgment interest at 3.25% per annum from May 3, 2010 to the date of the judgment for Plaintiffs' trademark infringement claim for a total amount of $1,833. Plaintiffs have not provided their bill of costs at this time.

**Plaintiffs Are Entitled To Prejudgment Interest
For Its Judgment on Count II (Conversion)**

Plaintiffs were awarded damages on their conversion claim for the amount of $300,000 by the jury. N.Y. C.P.L.R. § 5001 mandates that "[i]nterest shall be recovered upon a sum awarded . . . because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property . . . ." N.Y. C.P.L.R. § 5001. "Section 5001 imposes an affirmative mandate on trial courts; they have no discretion not to award prejudgment interest under New York law." Gussack Realty Co. v. Xerox Corp., 224 F.3d 85, 93 (2d Cir. 2000).

Plaintiffs' conversion claim involves a sum awarded as a result of an act that interfered with Plaintiffs' title to and possession of the SmartOffice database and the data contained therein. The situation here is different from that contemplated in Trademark Research Corp. v. Maxwell Online, Inc., 955 F.2d 326 (2d Cir. 1993), where the damages plaintiff sought from the jury included a computation of interest. Id. at 342. Given such, Plaintiffs are entitled to prejudgment interest on its judgment for Count II (conversion), and judgment is entered for Plaintiffs for pre-judgment interest on the conversion claim.

4

See Gala Jewelry, Inc. v. Harring, No. 05 Civ. 7713(GEL), 2007 WL 684002, at *2 (S.D.N.Y. Mar. 1, 2007) (granting an award of prejudgment interest where neither counsel nor the court suggested to the jury that interest should or could be an aspect of damages).

**Plaintiffs Are Not Entitled To Prejudgment Interest For Its Trademark Claim**

The Lanham Act does not explicitly provide for prejudgment interest for damages received by victims of an infringement. See 15 U.S.C. § 1117(a) and (c). The Second Circuit has held that despite this omission in 15 U.S.C. § 1117(a), an award of prejudgment interest is within the discretion of the trial court, but that it "is normally reserved for 'exceptional' cases." Am. Honda Motor Co. v. Two Wheel Corp., 918 F.2d 1060, 1064 (2d Cir.1990) (affirming denial of request for prejudgment interest). Other courts within this circuit have elected to award prejudgment interest for statutory damages under 15 U.S.C. § 1117(c). See Philip Morris USA Inc. v. U.S. Sun Star Trading, Inc., No. CV 08-0068(KAM)(JO), 2010 WL 2133937, at *14-15 (E.D.N.Y. Mar. 11, 2010); Johnson & Johnson Consumer Cos. v. Aini, 540 F. Supp. 2d 374, 396-97 (E.D.N.Y. 2008). Such awards of interest came as a result of plaintiffs'

5

willful conduct or bad faith and "exceptional" circumstances. See Philip Morris, 2010 WL 2133937, at *14; Johnson & Johnson, 540 F. Supp. 2d at 392-93.

Plaintiffs did not show in trial that WCM acted willfully or in bad faith when it infringed Plaintiffs' trademarks. As such, there are no "exceptional" circumstances that justify an award of prejudgment interest on the trademark claim. Plaintiffs are not entitled to an award of prejudgment interest on Count I.

**Plaintiffs Will Be Granted Costs**

Pursuant to Fed. R. Civl P. 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Rule 54(d) is permissive and "it permits a court to refuse to impose costs on the losing party at all." Wilder v. GL Bus Lines, 258 F.3d 126, 129 (2d Cir. 2001). "Prevailing party" has been defined as a "party in whose favor a judgment is rendered, regardless of the amount of damages awarded." Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Res., 532 U.S. 598, 603 (U.S. 2001)

6

(quoting Black's Law Dictionary 1145 (7th ed. 1999)). Plaintiffs are the "prevailing party" in this action, having prevailed on two of their four causes of action. Costs will be awarded in their favor.

**Conclusion**

For the reasons set forth above, judgment will be entered for Plaintiffs against WCM and Michel including prejudgment interest only on Count II (conversion) and costs. Submit judgment on notice.

It is so ordered.

**New York, NY**
**February *11*, 2014**

_____
ROBERT W. SWEET
U.S.D.J.