UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

DEBRA SCHATZKI and BPP WEALTH, INC.,

                     Plaintiffs,         10 Civ. 4685

   -against-                          OPINION

WEISER CAPITAL MANAGEMENT, LLC,
WEISERMAZARS, LLP and HOITSZ (A/K/A
"CARIJN") MICHEL,

                     Defendants.

------------------------------------------X

A P P E A R A N C E S:

    Attorneys for Plaintiffs

    LAWLER MAHON & ROONEY LLP
    36 West 44th Street, Suite 1400
    New York, NY 10036
    By:  Albert K. Lawler, Esq.
         Christopher S. Rooney, Esq.
         James J. Mahon, Esq.

    Attorneys for Defendants

    STARK & STARK, P.C.
    993 Lenox Drive
    Lawrenceville, NJ 08543
    By:  Scott I. Unger, Esq.

**Sweet, D.J.**

Defendants Weiser Capital Management, LLC ("WCM"), Weisermazars, LLP ("Weisermazars") and Hoitsz Michel ("Michel") (collectively, the "Defendants") have renewed their motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(b) ("Rule 50(b)"), seeking a dismissal of the claim upon which the jury awarded $300,000.00 in damages to Plaintiff. For the reasons set forth below, the Defendants' motion is denied.

**Prior Proceedings**

On January 21, 2014 Defendants moved pursuant to Rule 50(a) for judgment as a matter of law to set aside the jury verdict of $300,000 in favor of the Plaintiffs Debra Schatzki ("Schatzki") and BPP Wealth, Inc. ("BPP"), collectively (the "Plaintiffs"). The motion was denied. Judgment was entered on March 14, 2014.

The instant motion renewing the motion was marked fully submitted on April 16, 2014.

**The Rule 50(b) Standard**

1

In *Cash v. County of Erie*, 654 F.3d 324 (2d Cir. 2011), the Second Circuit Court of Appeals discussed what it called the "heavy burden" that a party must meet on a Rule 50(b) motion for judgment after a jury rendered a verdict in favor of its adversary as follows:

> In such circumstances, a court may set aside the verdict only "if there exists such a complete lack of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or the evidence in favor of the movant is so overwhelming that reasonable and fair minded persons could not arrive at a verdict against it."

*Id.* at 333, (quoting *Kinneary v. City of New York*, 601 F.3d 151, 155 (2d Cir. 2010)).

**The Defendants' Motion For Judgment Is Denied**

In the *In re Methyl Tertiary Butyl Ether (MTBE) Prod. Liability Litig.*, 725 F.3d 65, (2d Cir. 2013), our circuit noted that the jury was free to accept or reject expert testimony, and to draw its own conclusions. *Id.* at 114 (citing *Berger v. Iron Workers Reinforced Rodmen, Local 201*, 170 F.3d 1111, 1131 (D.C. Cir. 1999)). The Circuit Court adopted in a jury context the holding of its previous decision in *Schroeder v. The Tug*

*Montauk*, 358 F.2d 485 (2d Cir. 1966), where it held that "[i]t was within the province of the [trier of fact] to weight [conflicting expert evidence] and accept or reject the whole or a part of each [expert's] testimony." *Id.*, 358 F.2d at 488.

Here, there was evidence before the jury, expert and otherwise, to support the jury's award.

The Defendants have not established the basis for Rule 50(b) relief and their motion is denied.

**The Motion For A Stay Is Denied**

No basis for a stay of execution having been established, the Defendants' motion is denied.

**Conclusion**

The motions of the Defendants for judgment and for a stay are denied.

**New York, NY**
**May 12, 2014**

_____
ROBERT W. SWEET