```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

DEBRA SCHATZKI and BPP WEALTH, INC.,

                  Plaintiffs,
                                              10 Civ. 4685 (RWS)
     - against -
                                              OPINION

WEISER CAPITAL MANAGEMENT, LLC, et al.,

                  Defendants.
------------------------------------------X
```

A P P E A R A N C E S:

Attorneys for Plaintiffs

LAWLER MAHON & ROONEY LLP
36 West 44th Street, Suite 1400
New York, NY 10036
By:  Albert K. Lawler, Esq.
     Christopher S. Rooney, Esq.
     James J. Mahon, Esq.

Attorneys for Defendants

STARK & STARK, P.C.
993 Lenox Drive
Lawrenceville, NJ 08543
By:  Scott I. Unger, Esq.
     Jonathan A. Scobie, Esq.



**Sweet, D.J.**

Defendants Weiser Capital Management, LLC ("WCM") have moved for leave to amend their answer to Plaintiff's Third Amended Complaint, pursuant to Rule 15 of the Federal Rules of Procedure 15 ("Rule 15"), seeking to add counterclaims and affirmative defenses due to information allegedly learned at trial related to Schatzki's WCM contract. For the reasons set forth below, the Defendants' motion is granted.

Rule 15 sets out a liberal standard, instructing that leave to amend should be freely granted. The Rule itself states, "The court should freely grant leave when justice so requires" before trial. F.R.C.P. 15(a)(2). After trial, "[t]he court should freely permit an amendment [based on an objection made during trial] when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits." F.R.C.P. 15(b)(1). Where "consistent with the appellate court's decision," leave to amend should be freely granted even after remand. Ching v. United States, 298 F.3d 14, 179 n.4 (2d Cir. 2002) (citations omitted).

This matter has been tried, appealed, and remanded back to this Court for further proceedings on Schatzki's contract

claims. WCM seeks leave to amend their answer to raise additional counterclaims and affirmative defenses about Schatzki's own adherence to the contract. Prejudice to Plaintiffs is minimal given that Plaintiffs' own contract claims remain before the Court.

The Defendants' motion for leave to amend its answer is hereby granted.

**New York, NY**
**October 15, 2015**

_____
ROBERT W. SWEET
U.S.D.J.