UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

DEBRA SCHATZKI and BPP WEALTH, INC.,

        Plaintiffs,

  - against -

WEISER CAPITAL MANAGEMENT, LLC, et al.,

        Defendants.

------------------------------------------X

10 Civ. 4685 (RWS)

OPINION

A P P E A R A N C E S:

    Attorneys for Plaintiffs

    LAWLER MAHON & ROONEY LLP
    36 West 44th Street, Suite 1400
    New York, NY 10036
    By:  Albert K. Lawler, Esq.
        Christopher S. Rooney, Esq.
        James J. Mahon, Esq.

    Attorneys for Defendants

    STARK & STARK, P.C.
    993 Lenox Drive
    Lawrenceville, NJ 08543
    By:  Scott I. Unger, Esq.
        Jonathan A. Scobie, Esq.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/19/16

**Sweet, D.J.**

Plaintiffs and Counterclaim Defendants Debra Schatzki and BPP Wealth, Inc. ("Schatzki" and "BPP," collectively "Plaintiffs") request a conference pursuant to Local Rule 37.2 to dispute Defendant and Counterclaim Plaintiff Weiser Capital Management, LLC's ("WCM" or "Defendant") assertion of attorney-client privilege during the deposition of Thomas Giachetti, Esq. The letter was treated as a motion. As set forth below, the request is denied.

## I. Prior Proceedings

Familiarity with the prior proceedings and facts of this case, which have been tried in this Court by jury and as discussed in the Court's prior opinions and the opinion of the Second Circuit, is assumed. See BPP Wealth, Inc. v. Weiser Capital Mgmt., LLC, 623 F. App'x 7 (2d Cir. 2015) (hereinafter "Second Circuit Op."); Schatzki v. Weiser Capital Mgmt., LLC, No. 10 CIV. 4685, 2014 WL 1904180 (S.D.N.Y. May 12, 2014), aff'd sub nom. Second Circuit Op.; Schatzki v. Weiser Capital Mgmt., LLC, No. 10 CIV. 4685, 2014 WL 630650, at *1 (S.D.N.Y. Feb. 18, 2014), aff'd sub nom. Second Circuit Op.; Schatzki v. Weiser Capital Mgmt., LLC, 995 F. Supp. 2d 251 (S.D.N.Y. 2014), aff'd

sub nom. Second Circuit Op.; Schatzki v. Weiser Capital Mgmt., LLC, No. 10 CIV. 4685, 2013 WL 6284417, at *1 (S.D.N.Y. Dec. 4, 2013), aff'd sub nom. Second Circuit Op.; Schatzki v. Weiser Capital Mgmt., LLC, No. 10 CIV. 4685, 2013 WL 6189465, at *1 (S.D.N.Y. Nov. 26, 2013), vacated in part sub nom. Second Circuit Op.. The following summary is a brief retelling of relevant facts for purposes of approaching the instant motion.

Following a jury trial, then Defendants WCM and Hoitsz Michel appealed from judgment. The action was remanded for trial on Plaintiff's breach of contract claim on August 24, 2015. Second Circuit Op. at 14. Defendant WCM[1] sought leave to amend their answer to add contract related counterclaims and affirmative defenses based on information allegedly learned at trial. Leave was granted on October 15, 2015. The contract related claims are the only remaining element of the action.

WCM filed its Amended Answer ("AA") on October 16, 2016, alleging breach of contract, common law fraud, negligent misrepresentation, breach of fiduciary duties, unjust enrichment and quantum meruit, and requesting an accounting. Specifically,

---

[1] WCM is the only remaining Defendant, as all claims against other Defendants were resolved at trial and affirmed. See Second Circuit Op.

Defendant alleges that after agreeing to work solely for and pay all products of her labor to Defendant, Schatzki spent time working to her own benefit on an individual basis and through BPP Wealth, Inc. ("BPP"), collected and kept those broker-dealer commissions, and actively concealed the associated income. AA ¶¶ 103-143.

During discovery following remand, Mr. Thomas Giachetti, Esq. ("Giachetti") of defense counsel Stark & Stark P.C. was deposed on February 26, 2016. Giachetti's counsel asserted attorney-client privilege related to the following exhibits:

1. Exhibit 2: September 2007 emails between Giachetti and Jordan Berlin ("Berlin"), then CEO of WCM.
2. Exhibit 3: A draft WCM investment advisor representative agreement with comments from Giachetti and Berlin produced by Schatzki.
3. Exhibit 4: A draft WCM investor advisor representative agreement produced by Berlin.
4. Exhibit 7: Emails relating to Schatzki and BPP's discussion with WCM regarding regulatory implications of Schatzki's relationship with her prior accounting firm, Marcum & Kliegman ("M&K").
5. Exhibit 8:  Emails between Giachetti, Schatzki, and others relating to negotiations between WCM and Schatzki regarding ongoing work for M&K.
6. Exhibit 9: Emails between Schatzki, Giachetti, and others relating to the ongoing relationship between Schatzki and M&K clients.
7. Exhibit 11: Other emails regarding the relationship between Schatzki and M&K.
8. Exhibit 13: Email between Giachetti, Schatzki, and others regarding commissions.

Discovery closed on May 2, 2016. The instant letter was filed

4

on May 4, 2016. Plaintiffs argue that any attorney-client privilege with respect to these matters has been waived on two grounds: (1) as matters placed in controversy by Defendant's counterclaims, Pl.'s May 4, 2016 letter at 3-4, and for failure to promptly protect the privilege when these documents were produced, id. at 4. The request was set as a motion and argument was heard during settlement conference on May 23, 2016. The matter was deemed fully submitted at that time.

## II. Applicable Standard

The purpose of the attorney-client privilege is to facilitate and safeguard the provision of legal advice; "to ensure that one seeking legal advice will be able to confide fully and freely in his attorney." Mitchell, 58 N.Y.2d at 373. New York law provides:

> Unless the client waives the privilege, an attorney or his or her employee, or any person who obtains without the knowledge of the client evidence of a confidential communication made between the attorney or his or her employee and the client in the course of professional employment, shall not disclose, or be allowed to disclose such communication, nor shall the client be compelled to disclose such communication, in any action[.]

N.Y.C.P.L.R. § 4503(a)(1).[2]

---

[2] New York law applies to the remaining claims. See Second

"However, the attorney-client privilege cannot at once be used as a shield and a sword." United States v. Bilzerian, 926 F.2d 1285, 1292 (2d Cir. 1991). Accordingly, the privilege is waived by implication when (i) "a client testifies concerning portions of the attorney-client communication," (ii) when a client places the attorney-client relationship directly at issue," and (iii) "when a client asserts reliance on an attorney's advice as an element of a claim or defense. In re Cty. of Erie, 546 F.3d 222, 228 (2d Cir. 2008). The inquiry is case specific, though "[a] mere indication of a claim or defense certainly is insufficient to place legal advice at issue." Id. at 229.

### III. The Attorney-Client Privilege Has Not Been Waived

Plaintiffs argue that privilege has been waived by Defendant's counterclaims, and that defense counsel failed to timely assert privilege when these documents were produced in pretrial discovery in 2011 or removed from WCM's premises by Schatzki and Berlin when they were terminated. Specifically, "WCM's counterclaim has placed one factual issue in clear

---

Circuit Op. at 14.

controversy: whether WCM and the law firm Stark & Stark became aware of Ms. Schatzki's 'hidden' income at trial, as they claim, or five years earlier." Pl.'s May 4, 2016 letter at 3. Plaintiff claims the aforementioned communications "establish that from the inception of Ms. Schatzki's affiliation with WCM, Defendant Carijn Michel, WCM's then CEO Jordan Berlin, and WCM's attorneys – Mr. Giachetti, and the Stark & Stark law firm – were all fully aware that 1) Ms. Schatzki was continuing her activities as an independent contractor for successive broker-dealer firms, 2) that she was continuing her affiliation with BPP [Wealth, Inc.], and 3) that she was continuing to perform services for M&K." Id. Accordingly, the Stark & Stark's legal advice was put at-issue by the counterclaims and accordingly waived.

Even accepting Plaintiff's representations as to the conclusions proven by the documents in question, the at-issue waiver does not apply. Plaintiffs may be correct that Defendant's knowledge of Schatzki's practices in 2007 is broadly relevant to whether there was an agreement barring that activity or requiring Schatzki to share its fruits. However, relevance is not equivalent to reliance. The waiver only applies upon "some showing by the party arguing for a waiver that the opposing party *relies* on the privileged communication as a claim or defense or as an element of a claim or defense." In re Cty. of

7

Erie, 546 F.3d 222, 228 (2d Cir. 2008) (emphasis in original). Defendant has not relied on the communications in question to prove their counterclaims or defenses. If Defendant does not rely on the communications, the privilege cannot be said to be used as a shield and no waiver occurred by implication. Were parties entitled to any attorney-client communication relevant to any claim or defense, the privilege would be eviscerated.

With respect to Plaintiffs' argument that Defendant failed to timely assert the privilege, the only in circuit law Plaintiff cites to support its contention is an inapposite inadvertent disclosure case. See United States v. Gangi, 1 F. Supp. 2d 256 (S.D.N.Y. 1998). The documents in question were removed by Berlin and Schatzki upon their respective terminations, and obtained from Berlin via subpoena. Defendants vociferously argue that these documents were wrongfully removed without express permission, and have demanded their return. Def.'s letter of May 11, 2016 at 6. "The attorney-client privilege belongs to the corporation" and can only be waived by its chosen representatives. Fitzpatrick v. Am. Int'l Grp., Inc., 272 F.R.D. 100, 107 (S.D.N.Y. 2010). Disclosure by former employees against the corporation's will does not constitute voluntary disclosure, and Plaintiff cites no law and makes no cogent argument that it does. By stipulation, Defendant also

8

reserved the right to assert its privilege at Giachetti's deposition in the first round of discovery in this action. Plaintiff has not provided any citation to support a conclusion that waiver applies in such circumstances. Accordingly, the documents in question remain privileged.

## IV. Conclusion

Based on the conclusions set forth above, Plaintiff's motion is denied. This opinion resolves ECF No. 307.

It is so ordered.

New York, NY
July 18, 2016

ROBERT W. SWEET
U.S.D.J.